## WILKINSON v. CRISWELL.

No. 14387—Opinion Filed Nov. 20, 1923.

**1. Appeal and Error — Absence of Answer Brief — Review.**

Where the defendant in error fails to file answer brief, as required by rules of the court, the appellate court is not required to explore the record, or search for authorities, to find reasons why the judgment should be upheld, but may dismiss the cause, affirm or reverse the judgment at its discretion.

**2. Same—Reversal.**

Record examined, together with brief of plaintiff in error and authorities cited therein, and held, that the judgment of the trial court should be reversed with directions.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by W. M. Criswell against Grace H. Wilkinson, for the purpose of securing a permanent injunction against the defendant to prevent her from going into the home or upon the premises of the plaintiff; and to prevent her from in any way interfering with the plaintiff's care and custody of Sam F. Wilkinson, defendant's minor child, placed in the care and custody of plaintiff by a former court decree. Judgment for plaintiff granting a temporary restraining order, and the same made permanent upon the trial. Defendant brings error. Reversed, with directions.

Cowley & Riddle, for plaintiff in error.

Schwabe, Raymond & Wedell, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in the trial court began this action in the district court of Nowata county, on the 30th of June, 1921. Plaintiff sought an injunction against the defendant to prevent her from going into his home, or upon his premises, or in any way interfering with the plaintiff's care and custody of Sam F. Wilkinson, the defendant's infant son who had been placed in the care and custody of plaintiff by a court decree. Upon application to the court a temporary restraining order was issued against the defendant as prayed for; and the same served upon her. On the 21st of December, 1921, the defendant appeared and filed a demurrer to the petition for the alleged reason that it did not state facts sufficient to constitute a cause of action, and on the further ground that there was a defect of parties plaintiff. The demurrer was overruled. On the 20th of February, 1922, the defendant filed her answer, in effect a general denial, and a plea of a defect of parties plaintiff. The cause was tried to the court on the 2nd of December 1922. On the calling of the first witness for plaintiff, the defendant made an objection to the taking of any testimony for the reasons assigned in her demurrer, which objection was by the court overruled. Upon the announcement of rest by the parties, and on the 2nd day of December, 1922, a judgment was entered in favor of plaintiff, granting a permanent injunction against the defendant as prayed for in the petition of the plaintiff, and the defendant brings error.

Petition in error was filed in the Supreme Court on the 31st of May, 1923. Plaintiff in error filed her brief in this court on September 6, 1923. Acceptance of service of brief of plaintiff in error was filed September 15, 1923. Under the rules of the court heretofore promulgated, and by rule No. 7, the defendant in error was required to file his answer brief on or or before the 15th of October, 1923. No answer brief has been filed and no excuse is offered for the default. No extension of time to file brief has been asked for or granted to the defendant in error.

The plaintiff in error makes several assignments of error in her motion for a new trial, which are argued in her brief. Among other things, are errors of the court occurring at the trial, duly excepted to. Under this assignment plaintiff in error presents error of the court in overruling defendant's demurrer to the petition, and in overruling her objection to the taking of the testimony.

The argument of the plaintiff in error and authorities cited in her brief, in the light of the record here presented, reasonably

support the contention made that the petition does not state a cause of action in favor of the plaintiff and against the defendant.

This proceeding grew out of family troubles. The plaintiff in the cause, defendant in error here, is the father of the plaintiff in error, the defendant in the trial court. The child referred to in the petition and in the injunctive order, and whose care and cutody had been reposed in the plaintiff, the defendant in error here, is the infant son of the plaintiff in error, defendant below. It appears from an examination of the record that perhaps there was reason for granting the injunction. Evidently the learned trial judge thought so. If so, perhaps the order made has served its purpose, and the plaintiff in the trial court no longer cares to prosecute the matter. We presume so, since no brief has been filed in his behalf.

Because of the failure upon the part of the defendant in error to file brief, and under all the circumstances presented here, the judgment of the trial court should be reversed and. the cause remanded, with directions to dissolve the permanent injunction heretofore granted, and to sustain the defendant's demurrer to the petition; and we recommend that this be done.

By the Court: It is so ordered.